**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CURTIS EDWARD ALVEY JR.**                                             **PLAINTIFF**

**v.**                                                                                        **CIVIL ACTION NO. 1:20-CV-158-GNS**

**UNIVERSAL MUSIC GROUP** *et al.*                                    **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Curtis Edward Alvey Jr. filed this *pro se* civil action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff filed his complaint on a form. As Defendants, he names Universal Music Group (UMG) in California; Hailee Caribe Steinfeld, an "artist" for UMG;[1] and "Paramount Pictures Cooperation" in California.

In the section of the complaint form asking the filer to state the basis for the Court's jurisdiction, Plaintiff indicates both federal-question and diversity jurisdiction. As the basis for federal-question jurisdiction, Plaintiff lists: "Section 107 of the Copy Right Act Identity Theft, Harassment, Cyber Bulying, Invansion of Personal Privacy, Royalty Rights, 17 U.S. Code Title 17 – Copy Right, Phishing, The Digital Millenium Copyright Act of 1988, The Copyright Act of 1976."

Regarding diversity jurisdiction, Plaintiff asserts that he is a citizen of Kentucky and that Defendant Steinfeld is a citizen of California and Defendant UMG is incorporated under the laws

---

[1] The Court takes judicial notice that Defendant Steinfeld is a Hollywood actress and popular music star. *See* https://en.wikipedia.org/wiki/ Hailee_Steinfeld; http://www.haileesteinfeldofficial.com/.

of and has its principal place of business in California. In the section of the complaint form relating to the "Amount in Controversy" for diversity jurisdiction, Plaintiff does not specify an amount. Instead, in response to the following statement on the form – "The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*" – Plaintiff writes, "[t]he acts being committed can and will clearly have serious impacts on my financial living-situations, credit scores, educational opportunities, and the way I survive in everyday life."

In the Statement of Claim section of the complaint form, Plaintiff refers to an attachment, comprised of numerous typewritten pages of claims, screenshots of Plaintiff's and Defendant Steinfeld's Instagram pages, and various photographs. In the attachment, he attempts to make comparisons between his life and scenes in movies/Instagram posts by Defendant Steinfeld.

For example, Plaintiff claims, "at the beginning of the Film 'Bumblebee' there will be a (MODEL TOY GREEN CORVETTE) at TIME FRAME (12:33 – 1:53:52) that will resemble as mentioned in EXAMPLE B a Green Corvette that is parked inside my Grandfather Mike Keen's Automotive Repair Shop underneath a protective car cover." He also claims, "the three Corvettes mentioned along with the scene relating to EXAMPLE B at TIME FRAME (21:20 – 21:48) can easily target a specific location, called Bowling Green, Kentucky and the Corvette Museum and Corvette Plant which is one of many things that the City is famous for."

Additionally, Plaintiff asserts that in "pictures you will observe messages delivered to ([Defendant] Steinfeld's Instagram) from my Personal Instagram, in these pictures you will observe [Defendant Steinfeld] responding directly/indirectly to the questions being asked and

seems to be mocking/matching certain clothing and gestures that I seem to be making." For instance, he indicates:

> The first set [of pictures] will be myself and my dog Chopper riding in the back seat posing in a picture together that was sent directly to the Instagram account of [Defendant Steinfeld]. In response [Defendant Steinfeld] will post a picture to her Instagram of herself and her dog Martini riding on her shoulder behind her head.
>
> . . . .
>
> August 9th, 2020, I sent Ms. Steinfeld a question at 02:40 P.M. asking if she wanted to hang out with my ten (10) year old daughter who is also a Victim. Ms. Steinfeld responded in about 20 minutes around 03:00 P.M. with a picture of her dog Martini with a Caption that states, "My baby girl has gotten so big."

Plaintiff also reports that on August 30, 2020, he sent Defendant Steinfeld "a set of voice messages as I normally do, to remain in conversation with her" and "followed up the voice message with a picture . . . of me standing outside, in a rainstorm, with my lips fixed in a kissing position. With the comment stating '3Xs as much Baby Bear.'" He contends that "[w]ithin minutes [Defendant Steinfeld] responded with the same type of (direct/indirect) behavior. The response came in the form of an Instagram Story lasting only seconds and for a short time period of 24 hours."

Further, Plaintiff refers to "[a] set of pictures of My Personal Dog and his Dog Bed MATCHING a set of pictures from the Film 'Scoob!' produced by Warner Bros. Pictures"; "[a] set of pictures involving certain Family Members of Mine that will be portrayed on a Drinking Cup"; and "[a] set of photos relating to my Grandfathers and Grandmothers Automotive Repair Shop & Avon Consignment Store."

Plaintiff left the Relief section of the complaint form blank.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon review of the complaint, the Court finds that Plaintiff makes broad, conclusory allegations of legal claims (*i.e.*, claims of identity theft, harassment, cyber bullying, invasion of privacy, phishing, and violation of copyright laws), but he does not state factual allegations supporting his claims that, if accepted as true, state "'a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint, therefore, does not present a sufficient factual basis to state a claim against Defendants and fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'")

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327; *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. 2005) ("A claim lacks an arguable basis in fact if it is 'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'") (quoting *Tennessee ex rel. David Francis Fair v. Comm'r of I.R.S.*, No. 3:04-CV-494, 2004 WL 3079879, at *1 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard.

Finally, the Court notes that in this action Plaintiff makes a number of allegations similar to those in another civil action filed in this Court, *see Alvey v. Steinfeld*, 1:20-CV-171-GNS, which was also dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in accordance with *Apple v. Glenn*. Plaintiff has been warned that sanctions may be imposed if he continues filing duplicative, frivolous civil actions. *See, e.g.*, *Alvey v. Western Kentucky University*, 1:20-

CV-148-DJH; *Alvey v. Steinfeld*, No. 1:20-CV-171-GNS. The Court realizes that Plaintiff filed the instant action before he was warned that sanctions may be imposed. However, the Court takes the opportunity to again **WARN** Plaintiff that filing additional frivolous lawsuits may result in the imposition of sanctions against him, including but not limited to prefiling restrictions.

### IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: April 23, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.005